### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY MUCHLER, | : | CIVIL NO. 3:15-CV-93 |
| | : | |
| Plaintiff, | : | (Judge Nealon) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| SMITH BAIL BONDS, LLC., et al., | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

This is a *pro se* civil action brought by Timothy Muchler, a Luzerne County prison inmate who was on work release, against his former employers on work release, Smith Bail Bonds, LLC., Mike Smith and Courtney Smith. (Doc. 1.)  According to Muchler in October of 2014, he participated in work release and was employed by the defendants, all of whom like Muchler reside in Luzerne County, Pennsylvania. (Id.) Muchler, who alleges that he is a skilled carpenter, was hired by defendants to perform maintenance work at a rate of $7.50 per hour. (Id.)  However, Muchler alleges that the defendants asked him to do carpentry work, work that Muchler states that he typically bills at a hourly rate of $20.00 per hour. (Id.)  According to Muchler the defendants agreed to pay him at this higher hourly rate, but later reneged upon this promise. (Id.)  Accordingly, Muchler now sues his former employers for the pay differential he

believes is owed to him $1,777.50, and also seeks punitive damages in this breach of contract action totaling $40,000.  (Id.)

Along with his complaint, the plaintiff filed a motion to proceed *in forma pauperis*.  (Doc. 2.)  For the reasons set forth below, we will GRANT Miller leave to proceed *in forma pauperis* but as part of our legally-mandated duty to screen *pro se in forma pauperis* pleadings, we recommend that this complaint be dismissed, without prejudice.

## II.   Discussion

### A.   Screening of *Pro Se In Forma Pauperis* Complaints–Standard of Review

This Court has a statutory obligation to conduct a preliminary review of complaints filed by plaintiffs who seek leave to proceed *in forma pauperis,* and seek redress against government officials. See 28 U.S.C. §§1915 and 1915A. Specifically, we  must assess whether a *pro se, in forma pauperis* complaint "fails to state a claim upon which relief may be granted."  This statutory text, in turn, mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. Rule 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years.  Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) continuing with our opinion in <u>Phillips</u> [<u>v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u> –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff.  <u>Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.</u>, 20 F.3d 1250, 1261 (3d Cir. 1994).  However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." <u>Associated Gen. Contractors of Cal. v. California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).  As the Supreme Court held in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide

some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following <u>Twombly</u> and <u>Iqbal</u> a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation.  As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter <u>Iqbal</u>, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis.  First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts.

<u>Fowler</u>, 578 F.3d at 210-11.

As the court of appeals has also observed:  "The Supreme Court in <u>Twombly</u> set forth the 'plausibility' standard for overcoming a motion to dismiss and refined this approach in <u>Iqbal</u>.  The plausibility standard requires the complaint to allege 'enough facts to state a claim to relief that is plausible on its face.' <u>Twombly</u>, 550 U.S. at 570, 127 S.Ct. 1955.  A complaint satisfies the plausibility standard when the factual pleadings 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' <u>Iqbal</u>, 129 S.Ct. at 1949 (citing <u>Twombly</u>, 550 U.S. at 556, 127 S.Ct. 1955).  This standard requires showing 'more than a sheer possibility that a defendant has acted unlawfully.' <u>Id</u>.  A complaint which pleads facts 'merely

consistent with' a defendant's liability, [ ] 'stops short of the line between possibility and plausibility of "entitlement of relief." ' " Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011) cert. denied, 132 S. Ct. 1861, 182 L. Ed. 2d 644 (U.S. 2012).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

In our view, these pleading standards apply to all aspects of the Court's threshold analysis of a complaint's legal sufficiency. Thus, we will apply this analysis both when assessing the adequacy of the factual assertions set forth in this complaint.

> ### B.   Muchler's Complaint Fails to State a Claim Upon Which Relief May be Granted

Judged by these legal guideposts, Muchler's complaint fails to state a claim upon which relief may be granted for several independent reasons. First, it appears that this complaint–which essentially alleges the breach of an oral employment contract by the defendants–fails to state a claim which falls within the original jurisdiction of this Court.

It is well-settled that federal courts are courts of limited jurisdiction. As a general rule, there are two primary grounds for federal district court jurisdiction over a civil lawsuit. First, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–(1) citizens of different States." 28 U.S.C. § 1332(a)(1). This ground of federal jurisdiction is known as diversity jurisdiction. The second principal ground for invoking the jurisdiction of a federal court is known as federal question jurisdiction. Under this ground of jurisdiction, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331.

In this case, Muchler and the defendants all appear to be residents of Pennsylvania. Moreover, the amount of the damages claimed by Muchler in his complaint falls well below the $75,000 threshold established by Congress for bringing such cases into federal court based upon diversity of citizenship. Furthermore, a large component of the alleged damages which Muchler seeks to recover in this breach of contract claim, $40,000, consist of punitive damages. Yet, "[i]t is well settled that ' "punitive damages are not recoverable in an action based solely on breach of contract." Thorsen v. Iron & Glass Bank, 328 Pa.Super. 135, 476 A.2d 928, 932 (Pa.Super.Ct.1984); Johnson v. Hyundai Motor Am., 698 A.2d 631, 639 (Pa.Super.Ct.1997).' Samuel–Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 402 (3d Cir.2004). See e.g., Batka v. Liberty Mut. Ins. Co., 486 F.Supp. 582, 583 (E.D.Pa.1980); Fincke v. Phoenix Mutual Life Insurance Co., 448 F.Supp. 187, 191 (W.D.Pa.1978); Carpel v. Saget Studios, Inc., 326 F.Supp. 1331, 1334 (E.D.Pa.1971)." Stephens v. State Farm Fire & Cas. Co., No. 1:14 CV 160, 2014 WL 5312682, at *6 (M.D. Pa. Oct. 16, 2014). Thus, this element of Muchler's claimed damages simply may not be available to the plaintiff in this action, further reducing the alleged value of this claim to $1,777.50. Therefore, on these facts, diversity jurisdiction simply does not lie here.

The complaint in its current form also fails to state a viable claim under the Constitution and laws of the United States, justifying the exercise of federal question

jurisdiction by this Court.  At bottom, Mr. Muchler seeks to bring a breach of an oral employment contract claim against a private employer, who also happened to be a bail bondsman.  Such complaints simply do not rise to the level of a cognizable violation of the Fourteenth Amendment which could  be pursued civilly in federal court. Indeed, such civil rights claim runs afoul of single, simple, and insurmountable obstacle.  The principal statutory vehicle for bringing federal constitutional civil rights claims is 42 U.S.C. §1983.  It is well-established that § 1983 does not by its own force create new and independent legal rights to damages in civil rights actions.  Rather, § 1983 simply serves as a vehicle for private parties to bring civil actions to vindicate violations of separate, and pre-existing, legal rights otherwise guaranteed under the Constitution and laws of the United States.  Albright v. Oliver, 510 U.S. 266, 271 (1994); Graham v. Connor, 490 U.S. 386, 393-94 (1989).  Therefore, any analysis of the legal sufficiency of a cause of action under § 1983 must begin with an assessment of the validity of the underlying constitutional and statutory claims advanced by the plaintiff.

In this regard, it is also well-settled that:

Section 1983 provides a remedy for deprivations of federally protected rights caused by persons acting under color of state law.  The two essential elements of a § 1983 action are:  (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of a federally protected right.  Parratt v. Taylor, 451 U.S. 527, 535 (1981).

<u>Boykin v. Bloomsburg University of Pennsylvania</u>, 893 F.Supp. 409, 416 (M.D.Pa. 1995), <u>aff'd</u>, 91 F3d 122 (3d Cir. 1996)(emphasis added).  Thus, it is essential to any civil rights claim brought under § 1983 that the plaintiff allege and prove that the defendant was acting under color of law when that defendant allegedly violated the plaintiff's rights.  To the extent that a complaint seeks to hold private parties liable for alleged civil rights violations, it fails to state a valid cause of action under 42 U.S.C. § 1983 since the statute typically requires a showing that the defendants are state actors.  <u>Am. Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 49-50 (1999).

While some courts have suggested that a bail bondsman may be a state actor in very narrow circumstances when he is actively participating in efforts to apprehend someone who has absconded while bail with the assistance of law enforcement, <u>see</u>, <u>Jackson v. Pantazes</u>, 810 F.2d 426, 427 (4th Cir. 1987), many courts have held that even the arrest of an absconder by a private bail bondsman does not rise to the level of state action which would support a federal civil rights claim. <u>See e.g.</u>, <u>Dean v. Olibas</u>, 129 F.3d 1001, 1005–06 (8th Cir.1997); <u>Landry v. A–Able Bonding, Inc.</u>, 75 F.3d 200, 204–05 (5th Cir.1996); <u>Ouzts v. Maryland Nat'l Ins. Co.</u>, 505 F.2d 547, 554–55 (9th Cir.1974); <u>Weaver v. James Bonding Co.</u>, 442 F. Supp. 2d 1219, 1226 (S.D. Ala.2006); <u>Brower McLean v. City of Jersey City</u>, No. CIV.A. 05 5150 PGS, 2008 WL 4534062, at *9 (D.N.J. Oct. 6, 2008)(Where a bondsman is acting solely on their own behalf in effectuating an arrest without the assistance of law enforcement,

he is not considered to be acting under the color of state law); Jacobs v. A Robert

Depersia Agency, No. CIV.A.09 0180(JBS), 2009 WL 799944, at *3 (D.N.J. Mar.

20, 2009).  As one court recently observed when engaging in a screening dismissal of

a *pro se* civil rights complaint lodged against a bail bondsman:

> Generally, courts have held that bail bondsmen are not state actors,
> noting that the acts of receiving bail money and applying it to the bond
> of a prisoner are not traditional government actions but rather, those of
> a private citizen or corporation.  See, e.g., Murillo v. Liz and Stan Bail
> Bonds, Inc., 138 F. App'x 868, 869 (8 th Cir.2005); Dean v. Olibas, 129
> F.3d 1001, 1005–06 (8th Cir.1997); Landry v. A–Able Bonding Inc., 75
> F.3d 200, 204–05 (5th Cir.1996); Lafayette v. Prince, Civil No. 5:12-cv-
> l22, 2013 WL 2637191, *2 (E.D.Tex. Jun.11, 2013); Erwin v. Byrd's Bail
> Bonding, Civil No. 2:10–1948, 2010 WL 3463881, *2 (D.S.C. Aug.5,
> 2010); Jacobs v. A Robert Depersia Agency, Civil No. 09–180(JBS),
> 2009 WL 799944, *3 (D.N.J. Mar.20, 2009). See also Green v. Abony
> Bail Bond, 316 F.Supp.2d 1254, 1260–61 (M.D.Fla.2004) (bail
> bondsmen are not state actors; collecting cases).  Moreover, the licensing
> and regulation of bail bondsmen do not transform bail bondsmen into
> state actors.  Murillo, supra (citing Blum v. Yaretsky, 457 U.S. 991,
> 1004–05, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) and Bilal v. Kaplan,
> 904 F.2d 14, 15 (8th Cir.1990)).  However, bail bondsmen have been
> held to be state actors in certain discrete factual contexts, such as when
> making arrests with the assistance of law enforcement officers or acting
> in concert with police action.  See Lopez v. Zouvelos, Civil No.
> 13–CV–6474 (MKB), 2014 WL 843219, *4 (E.D.N.Y. Mar.4, 2014).
>
> Steward v. A.A. Bails Bondsman Agency, No. CIV.A. 14 1214 MAS,
> 2014 WL 4824481, at *3 (D.N.J. Sept. 25, 2014).

Here, the facts alleged by Muchler simply do not give rise to an inference that

the defendants are state actors.  Indeed, a claim of state action by these bail bondman

defendants is even more tenuous here than in those cases which have rejected claims

of state action by private actors when confronted with efforts by a bondsman to apprehend an absconder. Muchler does not allege in his complaint that the defendants were acting as agents of the state when they hired him to do maintenance work, and then employed him at carpentry. Thus, the defendants' status as bail bondsmen is merely incidental to Muchler's common law breach of contract claim, and is not a central element of that claim. In these circumstances, we conclude that the complaint, as drafted, fails to allege that the defendants are state actors, an essential element of a federal civil rights claim.[1]

## C.    The Complaint Should Be Dismissed Without Prejudice

While this complaint is flawed on multiple scores, we recognize that pro se plaintiffs should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, see Fletcher-Hardee Corp. v. Pote Concrete

---

[1]Muchler alleges in passing that the defendants falsely reported that he had violated his work release in order to cause prison officials to revoke that release and thereby dissuade him from pursuing this breach of contract claim. (Doc. 1.) While Muchler suggests bad faith on the part of the private defendants, he does not allege well-pleaded facts suggesting that prison authorities conspired with private actors to revoke his work release in bad faith. Absent well-pleaded allegations of a conspiratorial arrangement between private and state actors, allegations which are not made here, it is doubtful that a private person's report of alleged wrongdoing to a state actor, standing alone, creates federal civil rights liability. See Mikhail v. Kahn, 991 F. Supp. 2d 596 (E.D. Pa.) aff'd, 572 F. App'x 68 (3d Cir. 2014)(allegations made by private parties in petitions filed with court did not rise to the level of state action).

Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this case, the plaintiff has not alleged facts that would state a claim upon which relief may be granted and it appears that he may not be able to do so. Nonetheless, out of an abundance of caution, and in order to preserve the plaintiff's rights, it is recommended that this matter be dismissed without prejudice to the plaintiff attempting to amend this federal complaint to state a claim upon which relief may be granted in federal court, by including proper allegations against appropriate party-defendants that meet the requirements of federal law, provided that the plaintiff acts promptly.

### III.   Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2.) is GRANTED but the plaintiff's complaint should be dismissed without prejudice to the plaintiff attempting to amend this federal complaint to state a claim upon which relief may be granted in federal court, by including proper allegations against appropriate party-defendants that meet the requirements of federal law, provided the plaintiff acts within 20 days of any dismissal order.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 12th day of January, 2015.


*S/Martin C.  Carlson*
Martin C. Carlson
United States Magistrate Judge