## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TIMOTHY J. MULCHER,       :
     Plaintiff           :
                          :     CIVIL NO. 3:15-CV-0093
     v.                  :
                          :     (JUDGE NEALON)
SMITH BAIL BONDS, LLC, ET AL.,:     (MAGISTRATE JUDGE CARLSON)
     Defendant        :

## MEMORANDUM

On January 15, 2015, Plaintiff, Timothy Mulcher, an inmate currently confined at Luzerne County Prison in Wilkes-Barre, Pennsylvania, filed a complaint pursuant to 42 U.S.C. § 1983.  (Doc. 1).  On January 15, 2015, the case was referred to Magistrate Judge Martin C. Carlson.  On January 16, 2015, Magistrate Judge Carlson issued a Report and Recommendation ("R&R"), recommending that Plaintiff's motion for leave to proceed in forma pauperis be granted, and that Plaintiff's complaint be dismissed without prejudice to afford Plaintiff the opportunity to amend his complaint.  (Doc. 6).

Objections were due by January 12, 2015.  (Doc. 8).  Defendant failed to file objections.  However, Plaintiff filed an amended complaint on February 10, 2015.  (Doc. 8).  Plaintiff also filed a Motion to Appoint Counsel on February 25, 2015, which will be addressed in a separate order.  (Doc. 10).  For the reasons set forth below, the R&R will be adopted, and the matter will be remanded to Magistrate

Judge Carlson for further proceedings, including consideration of Plaintiff's

amended complaint, (Doc. 8), and any second amended complaint filed by

Plaintiff.

**<u>Standard of Review- Report and Recommendation</u>**

When neither party objects to a magistrate judge's report and

recommendation, the district court is not statutorily required to review the report,

under <u>de</u> <u>novo</u> or any other standard.  Thomas v. Arn, 474 U.S. 140, 152 (1985);

28 U.S.C. § 636(b)(1)(C).  Nevertheless, the Third Circuit Court of Appeals has

held that it is better practice to afford some level of review to dispositive legal

issues raised by the report.  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir.

1987), <u>writ denied</u>, 484 U.S. 837 (1987); Garcia v. I..N.S., 733 F. Supp. 1554,

1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the

record for plain error or manifest injustice").  In the absence of objections, review

may properly be limited to ascertaining whether there is clear error that not only

affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or

public reputation of judicial proceedings.  Cruz v. Chater, 990 F. Supp. 375, 377

(M.D. Pa. 1998) (Vanaskie, J.).  The district court may accept, reject, or modify, in

whole or in part, the findings and recommendations contained in the report.  28

U.S.C. § 636(b)(1)(C); M.D. Pa. L.R. 72.3.

**Standard of Review- Proceedings In Forma Pauperis**

Pursuant to 28 U.S.C. § 1915, the court may review an <u>in forma pauperis</u> complaint prior to service and "shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e) (2)(B)(ii); (Doc. 11, p. 4).  Moreover, "[i]f the allegations, taken as true, show that relief is barred by the applicable statute of limitations, a complaint is subject to dismissal for failure to state a claim." <u>LeBlanc v. Snavely</u>, 453 Fed. Appx. 140, 141 (3d Cir. 2011), <u>citing</u> <u>Jones v. Bock</u>, 549 U.S. 199, 215 (2007).  "A United States District Court may sua sponte raise the statute of limitations in screening a complaint so long as the statute of limitations defect is apparent from the face of the complaint or from matters of which judicial notice may be had."  <u>Eaves v. Sholek</u>, 2013 U.S. Dist. LEXIS 130479, *9 (W.D. Pa. 2013) (citing <u>Mumma v. High-Spec</u>, 400 F. Appx. 629, 631 n.1 (3d Cir. 2010)), <u>adopted by</u> 2013 U.S. Dist. LEXIS 130317 (W.D. Pa. 2013) (dismissing the complaint on screening as barred by the applicable statute of limitations).  <u>See also</u> <u>LeBlanc</u>, 453 Fed. Appx. at 141 (stating that where the statute of limitations "defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a

3

claim").

**<u>Discussion</u>**

In his complaint, Plaintiff alleges that his Section 1983 rights were violated when Defendants Smith Bail Bonds, LLC, Mike Smith, and Courtney Smith failed to pay him for work performed while he was on work release. (Doc. 1). Screening the complaint pursuant to 28 U.S.C. § 1915, Magistrate Judge Carlson issued an R&R outlining a court's screening duties and the applicable standard of review. (Doc. 6, pp. 2-7). The Magistrate Judge concludes that the complaint fails to state a claim and that the Court does not have jurisdiction over Plaintiff's cause of action because: (1) Plaintiff has failed to name proper Defendants for a Section 1983 action; and (2) Plaintiff is alleging a breach of contract claim, which does "rise to the level of a cognizable violation of the Fourteenth Amendment." (<u>Id.</u> at pp. 7-11). Nevertheless, Magistrate Judge Carlson recommends that Plaintiff's complaint and amended complaint be dismissed without prejudice with leave to amend. (<u>Id.</u> at p. 13).

After review, and in the absence of objections, because there is no clear error with Magistrate Judge Carlson's R&R, it will be adopted as such. It is acknowledged that while Plaintiff has already filed an amended complaint pending review of the R&R, taking into consideration that Plaintiff is a <u>pro</u> <u>se</u> prisoner, this

Court will allow him to file a second amended complaint.  Furthermore, the matter

will be remanded to Magistrate Judge Carlson for further proceedings, including

consideration of Plaintiff's amended complaint, (Doc. 8), and any second amended

complaint that is filed.

    A separate Order will be issued.


**Date:** March 9, 2015

                                **/s/ William J. Nealon**
                                **United States District Judge**