## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TIMOTHY MUCHLER     :
   Plaintiff    :
          :  CIVIL NO. 3:15-CV-0093
   v.       :
          :  (JUDGE NEALON)
SMITH BAIL BONDS, LLC,  :  (MAGISTRATE JUDGE CARLSON)
ET AL.,        :
   Defendants   :

## MEMORANDUM

On January 15, 2015, Plaintiff, Timothy Muchler, an inmate currently confined at the State Correctional Institutional in Camp Hill, Pennsylvania, ("SCI-Camp Hill") filed a complaint pursuant to 42 U.S.C. § 1983 for events that occurred while he was housed in the Luzerne County Prison in Wilkes-Barre, Pennsylvania ("LCP"). (Doc. 1). On January 16, 2015, Magistrate Judge Carlson issued a first Report and Recommendation, recommending that Plaintiff's complaint be dismissed without prejudice with leave to amend. (Doc. 6). On February 10, 2015, Plaintiff filed a proposed amended complaint. (Doc. 8). On March 9, 2015, the Undersigned issued a Memorandum and Order, adopting Magistrate Judge Carlson's first Report and Recommendation, and directing Plaintiff to file a second amended complaint. (Docs. 13 and 14). On March 23, 2015, Plaintiff filed a motion to amend his complaint. (Doc. 16). On April 10,

2015, Magistrate Judge Carlson issued a second Report and Recommendation

("R&R"), recommending that this Court grant Plaintiff's motion to amend his

complaint, and dismissal of Defendants Smith Bail Bonds, LLC, LCP Warden J.

Allen Nesbitt, and Deputy Warden James Larson.  (Doc. 18).

Objections were due by April 27, 2015.  (Id.).  Defendant has not filed any

objections.  For the reasons set forth below, the R&R will be adopted, Plaintiff's

motion to amend his proposed amended complaint will be granted, and the matter

will be remanded to Magistrate Judge Carlson for further proceedings.

**Standard of Review**

When neither party objects to a magistrate judge's report and

recommendation, the district court is not statutorily required to review the report,

under de novo or any other standard.  Thomas v. Arn, 474 U.S. 140, 152 (1985);

28 U.S.C. § 636(b)(1)(C).  Nevertheless, the Third Circuit Court of Appeals has

held that it is better practice to afford some level of review to dispositive legal

issues raised by the report.  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir.

1987), writ denied, 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554,

1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the

record for plain error or manifest injustice").  In the absence of objections, review

may properly be limited to ascertaining whether there is clear error that not only

affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings.  Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.).  The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report.  28 U.S.C. § 636(b)(1)(C); M.D. Pa. L.R. 72.3.

**Discussion**

In his original complaint, Plaintiff alleges that his Section 1983 rights were violated when Defendants Smith Bail Bonds, LLC, Mike Smith, and Courtney Smith reneged upon a contract that had been extended to Plaintiff while he was on work release and that they falsely accused him of using drugs on work release in order to have his release revoked and avoid payment for work he performed. (Doc. 1).  Magistrate Judge Carlson issued a first Report and Recommendation recommending that Plaintiff's complaint be dismissed without prejudice with leave to amend.  (Doc. 6).  Before the Undersigned adopted this Report and Recommendation, Plaintiff filed a proposed amended complaint.  (Doc. 8).  This amended complaint continued to name as Defendants Smith Bail Bonds, LLC, Mike Smith, and Courtney Smith, but also added claims against Defendants LCP Warden Nesbitt, LCP Deputy Warden James Larson, work release coordinator Lou Elmy, LCP Treatment Coordinator Grace Franks, LCP Corrections Sergeant Mike

3

Rostowski, and LCP nurse Thomas C.  (Doc. 8).  He alleges these additional

Defendants violated his Section 1983 rights in events that transpired after LCP

was notified that Plaintiff may have been doing drugs while on work release.

(Doc. 8).    According to the allegations made in the proposed amended complaint,

Defendant LCP Nurse Thomas C wrote a misconduct report because Plaintiff's

urine sample indicated signs of alteration.  (Doc. 8).  Plaintiff alleges he was then

detained for three (3) days in a cell without bathroom facilities and was provided

with inadequate amounts of food and drink until his hearing on the drug

allegations.  (Doc. 8).  He alleges that Defendants Elmy, Franks, and Rostowski

denied him due process at the disciplinary hearing conducted by prison staff

relating to the drug use allegations.  (Doc. 8).  He did not allege any facts relating

to Defendants Warden Nesbitt or Deputy Warden Larson.  (Doc. 8).

　　Shortly after Plaintiff filed his proposed amended complaint, the

Undersigned adopted the first Report and Recommendation, and issued an Order

dismissing Plaintiff's complaint without prejudice with leave to amend his

complaint.  (Doc. 14).  Plaintiff subsequently filed a motion to amend his proposed

amended complaint, and also sought dismissal of Defendant Smith Bail Bonds,

LLC, and reiterated his intention to pursue the claims raised against the LCP

Defendants named in his proposed amended complaint.  (Doc. 16).

Magistrate Judge Carlson then issued the R&R at hand, in which he provided the factual and procedural background of the case and the applicable standard of review for the screening of in forma pauperis complaints, all of which are herein adopted.  (Doc. 18, pp. 1-10).  The Magistrate Judge concludes that Defendants Smith Bail Bonds, LLC, Warden Nesbitt, and Deputy Warden Larson should be dismissed from the action because: (1) Plaintiff requested that Defendant Smith Bail Bonds, LLC be dismissed from the action; and (2) Plaintiff failed to allege factual allegations that Defendants Warden Nesbitt and Deputy Warden Larson violated his Section 1983 rights, and these Defendants cannot be held liable under the theory of supervisory liability because Plaintiff has not alleged facts that they actively deprived him of a right secured by the Constitution. (Doc. 18, pp. 10-14).  Magistrate Judge Carlson also recommends that Plaintiff's motion to amend his proposed amended complaint be granted, and that this amended complaint be served on the remaining Defendants.  (Id. at 14-18).

It is noted that Plaintiff has filed no objections to the R&R, and in his motion to amend his proposed amended complaint, he concedes that Defendants Smith Bail Bonds, LLC, Warden Nesbitt, and Deputy Warden Larson be dismissed from the action.  (Doc. 21).  After review, and in the absence of objections, but rather concession to the R&R's recommendations, because there is no clear error

with Magistrate Judge Carlson's R&R, it will be adopted as such.  Thus,

Magistrate Judge Carlson's R&R will be adopted, Defendants Smith Bail Bonds,

LLC, Warden J. Allen Nesbitt, and Deputy Warden James Larson will be

dismissed, Plaintiff's motion to amend his proposed amended complaint will be

granted, and any further proceedings will be remanded to Magistrate Judge

Carlson.

A separate Order will be issued.

**Date:** May 21, 2015

**/s/ William J. Nealon**
**United States District Judge**