IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TIMOTHY MUCHLER,** | : | **CIVIL NO. 3:15-CV-93** |
| | : | |
| **Plaintiff,** | : | **(Judge Nealon)** |
| | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **SMITH BAIL BONDS, LLC., et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM ORDER**

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This is a *pro se* civil action brought by Timothy Muchler, a state inmate who was formerly housed at the Luzerne County Prison. (Doc. 1.) According to Muchler's initial complaint, in November 2014 he participated in work release at the county prison and was employed by Smith Bail Bonds to do carpentry and renovation work in their offices. (Id.) Muchler alleged that the defendants contracted with him to have this work done, but then reneged upon this contract. (Id.) Muchler also stated that his former employer falsely alleged that he was using drugs while on work release in order to have this release revoked, and avoid payment of moneys owed to Muchler. (Id.) On the basis of these allegations, Muchler then sued Smith Bail Bonds for what he

believed he was owed on this contract, $20,000, and also sought punitive damages in this breach of contract action totaling $100,000. (Id.)

Along with this complaint, the plaintiff filed a motion proceed *in forma pauperis*. (Doc. 2.) We granted Muchler leave to proceed *in forma pauperis* but as part of our legally-mandated duty to screen *pro se in forma pauperis* pleadings, we recommended that this complaint be dismissed, without prejudice to the filing of an amended complaint. (Doc. 6.) While this recommendation was pending before the district court, Muchler filed a proposed amended complaint. (Doc. 8.) That amended complaint continued to name Smith Bail Bonds as a defendant in a breach of contract action, but added the acting warden at the Luzerne County Prison, J. Allen Nesbitt, the deputy warden, James Larson, the work release coordinator, Lou Elmy, the prison treatment coordinator, Grace Franks, a correctional sergeant, Mike Rostowski, and a prison nurse, Thomas C, as defendants. (Id.)

As to these newly named correctional defendants, the nature of Muchler's claims had changed significantly in this amended complaint. Muchler's amended complaint against the prison officials now focused on what transpired at the prison after prison officials were notified that Muchler may have been using drugs. According to the amended complaint, upon his return to the prison on November 14, 2014, Muchler was required to provide a urine sample. When that sample bore tell-

tale signs of alteration, since the temperature of the sample fell below Muchler's body temperature, nurse Thomas C, wrote a misconduct report. Muchler was then detained for three days in a dry cell, a cell without bathroom facilities,[1] until he had a hearing on this prison infraction on November 18, 2014. Muchler alleged that defendants Elmy, Franks, and Rostowski denied him due process at this disciplinary hearing conducted by prison staff relating to the allegations that he had been using drugs while on work release. Muchler also faulted the defendant nurse, Thomas C, for writing this disciplinary citation, although Muchler does not clearly contend in his complaint that the citation was false. Muchler also protested that the conditions of his brief confinement in a dry cell violated his constitutional rights. While Muchler named the acting and deputy warden, two supervisory officials, as defendants notably missing from his amended complaint were any well-pleaded factual allegations relating to the direct involvement of either of these defendants in the matters asserted in his amended complaint. (Id.)

The district court adopted our initial Report and Recommendation recommending dismissal of Muchler's original complaint against Smith Bail Bonds

---

[1] It is alleged, however, that while Muchler was denied bathroom facilities in this dry cell, a standard precaution to avoid inmate destruction of concealed or ingested contraband, he was provided with food and drink, albeit in quantities Muchler deemed insufficient.

on March 9, 2015, (Doc. 14.), and Muchler subsequently filed a motion to amend his proposed amended complaint. (Doc. 16.) In this motion, Muchler sought to dismiss Smith's Bail Bonds completely from this action as a defendant, but renewed his intention to pursue claims against the correctional defendants named in his amended complaint. (Id.)

Upon consideration of this motion to amend we recommended that the motion be granted, but upon a further screening review of the amended complaint we recommended that Smith Bail Bonds, and the acting warden at the Luzerne County Prison, J. Allen Nesbitt, as well as the deputy warden, James Larson, be dismissed as defendants. (Doc. 18.) The district court adopted this recommendation, (Doc. 26.), and Muchler filed an amended complaint, (Doc. 31.), which only named prison officials as defendants. Notwithstanding this amendment which eliminated Smith Bail Bonds and its owners as defendants, Smith Bails Bonds, and its principals, have filed a motion for extension of time in which to respond to this complaint, in the apparent belief that they are still parties in this litigation. Muchler has responded to this motion by filing a motion to correct the docket (Doc. 56.), which asks the Court to terminate defendants Smith Bail Bonds, Michael Smith and Courtney Smith. (Doc. 56.)

For the reasons set forth above, this motion is GRANTED and the clerk is directed to terminate these defendants.

So ordered this 20th day of October 2015.

                                        ***S/Martin C. Carlson***
                                        Martin C. Carlson
                                        United States Magistrate Judge